**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Shane Skinner*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. SCHOEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EIGER BIOPHARMACEUTICALS, INC., DAVID A. CORY, and SRIRAM RYALI,<br><br>Defendants. | Case No.: 3:22-cv-06985-RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHANE SKINNER'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:          February 16, 2023<br>Time:          1:30 p.m.<br>Courtroom:   3-17th Floor<br>Judge:         Hon. Richard Seeborg |

1

## NOTICE OF MOTION AND MOTION

2    TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE, that on February 16, 2023 at 1:30 p.m., or as soon as counsel may

4    be heard, the undersigned will move before the Honorable Richard Seeborg at the United States District

5    Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 on the 17th Floor,

6    450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules

7    of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

8        1.      Appointing Shane Skinner ("Movant") as Lead Plaintiff;

9        2.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead

10   Counsel; and

11       3.      Granting such other and further relief as the Court may deem just and proper.

12       Movant respectfully submits the following memorandum in support of his motion for: (a)

13   appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT ........................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ........................................................ 1

III.    STATEMENT OF FACTS ................................................................................ 2

IV.     PROCEDURAL HISTORY ............................................................................... 3

V.      ARGUMENT ................................................................................................ 4

        A.      Movant's Appointment as Lead Plaintiff Is Appropriate. ............................. 4

                1.      The Procedure Required by the PSLRA ........................................... 4

                        a.      Movant Is Willing to Serve as Class Representative. ............... 5

                        b.      Movant Has the Largest Financial Interest in the Relief Sought by the
                                Class. .................................................................................. 5

                2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil
                        Procedure. ............................................................................... 5

                        a.      Movant's Claims Is Typical of the Claims of All Class Members. ........ 6

                        b.      Movant Will Adequately Represent the Class. ...................... 7

        B.      Approval of Movant's Choice of Counsel Is Appropriate. ............................ 8

VI.     CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ..........................5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ..................................................................................1, 5, 6

*In re Coinbase Global Securities Litigation.*
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ......................................9

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994) ..................................................................................7

*Daniels Family 2001 v. Las Vegas Sands Corp..*
  Case No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301 (D. Nev. Jan. 5, 2021) ..............9

*Deinnocentis v. Dropbox, Inc..*
  Case No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ....................9

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) ..................................................................................7

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................6

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ............................................................................................7

*Gold v. Lumber Liquidators, Inc.*,
  323 F.R.D. 280 (N.D. Cal. 2017) ............................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................6, 7

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004) ..............................................................................6

*Hessefort v. Super Micro Computer, Inc,*
  317 F.Supp.3d 1056 (N.D. Cal. 2018) ....................................................................6

*In re LendingClub Sec. Litig.*,
  282 F.Supp.3d 1171 (N.D. Cal. 2017) ....................................................................7

*Johnson v. OCZ Tech. Grp.*,
  2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ............................................1, 4

*Malriat v. Quantumscape Corp..*
  Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 WL
  1550454 (N.D. Cal. April 20, 2021) ......................................................................9

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ..............................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHANE SKINNER'S MOTION FOR: (1)
APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................6

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)....................................................................................6

*Snyder v. Baozun Inc.*,
    Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 WL 5439763 (S.D.N.Y.
    Sept. 8, 2020) ........................................................................................................9

*Subramanian v. Watford, et. al.*,
    Civil Action No. 20-cv-02652-CMA-STV, 2021 WL 1697147 (D. Colo. April 29,
    2021) ......................................................................................................................9

*Veal v. LendingClub Corporation*,
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................6

*White Pine Invs. v. CVR Ref.*,
    Case No. 20 Civ. 2863 (AT), 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) ...............9

*White v. Nano-X Imaging LTD. et al.*,
    Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist.
    LEXIS 143105 (E.D.N.Y. Aug. 10, 2022)............................................................8

**Statutes**

15 U.S.C. § 78u-4 ..............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ....................................................................................1, 6, 7

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Eiger BioPharmaceuticals, Inc ("Eiger" or the "Company") securities between March 10, 2021 and October 4, 2022, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $282,523.90 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) he be appointed Lead Plaintiff; and (2) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

---

[1] Movant's certification identifying his transactions in Eiger, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

2.    Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

### III. STATEMENT OF FACTS[3]

Eiger is a commercial-stage biopharmaceutical company that focuses on the development and commercialization of targeted therapies for rare and ultra-rare diseases. ¶ 2.

Eiger's product candidates include, among others, peginterferon lambda. ¶ 3. Peginterferon lambda is being evaluated for, inter alia, the treatment of COVID-19 in the TOGETHER study, which is an independent multi-center, investigator-sponsored, randomized, placebo-controlled adaptive platform Phase 3 study evaluating multiple therapeutics in newly diagnosed, high-risk, non-hospitalized patients with mild-to-moderate COVID-19. *Id.* Peginterferon lambda was added to the TOGETHER study in May 2021. *Id.*

Based on the results of the TOGETHER study, the Company announced in March 2022 that it would submit an Emergency Use Authorization ("EUA") request to the U.S. Food and Drug Administration ("FDA") for peginterferon lambda for the treatment of patients with mild-to-moderate COVID-19 (the "peginterferon lambda EUA"). ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants overstated Eiger's clinical and regulatory drug development expertise; (ii) Defendants failed to properly assess, and/or ignored issues with, the design of the TOGETHER study and its ability to support the peginterferon lambda EUA; (iii) there were issues with the conduct of the TOGETHER study and/or the TOGETHER study was not properly designed for the peginterferon lambda EUA in the current context of the pandemic; (iv) as a result, the FDA was unlikely to approve the submission of a peginterferon lambda

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Schoen* Complaint") filed in the action styled *Schoen v. Eiger BioPharmaceuticals, Inc., et. al.,* Case No. 3:22-cv-06985-RS (the "*Schoen* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Schoen* Complaint. The facts set forth in the *Schoen* Complaint are incorporated herein by reference.

EUA; (v) as a result of all the foregoing, peginterferon lambda's regulatory and commercial prospects for the treatment of COVID-19 were overstated; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On September 6, 2022, Eiger issued a press release "provid[ing] an update on the status of its planned request for [EUA] of peginterferon lambda for the treatment of patients with mild-to-moderate COVID-19 based on its most recent communications with the [FDA]." ¶ 6. Specifically, the Company announced that "[f]ollowing a cooperative and extensive pre-EUA information exchange with [the] FDA regarding the Phase 3 TOGETHER study of peginterferon lambda for COVID-19, the agency has indicated that it is not yet able to determine whether the criteria for the submission of an application and issuance of an EUA are likely to be met." *Id.*

In response to this disclosure, Eiger's stock price declined 29.36%, or $2.51 per share, to close on September 6, 2022 at $6.04 per share. ¶ 7.

Then, on October 5, 2022, the Company announced that it would not seek an EUA request for peginterferon lambda after the FDA had "denied the request for a pre-EUA meeting." ¶ 8. Specifically, the Company disclosed that, "[c]iting its concerns about the conduct of the TOGETHER study, [the] FDA concluded that any authorization request based on the [] data [presented] is unlikely to meet the statutory criteria for issuance of an EUA in the current context of the pandemic." *Id.*

In response to this news, Eiger's stock price dropped 5.01%, or $0.37 per share, to close on October 5, 2022 at $7.02 per share. ¶ 9.

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Schoen* Action against the Defendants. Plaintiff Ronald A. Schoen ("Schoen") commenced the first-filed action of November 8, 2022. On that same day, counsel acting on Schoen's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

## V.  ARGUMENT

### A.  Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1.  The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHANE SKINNER'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant Is Willing to Serve as Class Representative.

On November 8, 2022, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Eiger and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[4]

Movant has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Eiger shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $282,523.90 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil

---

[4] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

1    Procedure.

2    According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest

3    in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of

4    Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class

5    representative if the following four requirements are satisfied:

6        (1) the class is so numerous that joinder of all members is impracticable; (2) there are

7        questions of law or fact common to the class; (3) the claims or defenses of the

8        representative parties are typical of the claims or defenses of the class; and (4) the

9        representative parties will fairly and adequately protect the interests of the class

10   FED. R. CIV. P. 23(a).

11   Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and

12   adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro*

13   *Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,*

14   2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732.

15   Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See*

16   *USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead

17   Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and

18   defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.

19   *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004);

20   *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

21   As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R.

22   Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

23       **a.  Movant's Claims Is Typical of the Claims of All Class Members.**

24   Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are

25   "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23

26   because his claims result from: (i) the same injuries as the absent class members; (ii) the same course

27   of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,*

28   326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004);

6

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon*, 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither competes nor conflicts with the claims of the other Class members. Movant, like the other members of the Class, acquired Eiger securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover are similar to those of other Class members and his losses resulted from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he

suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for twenty-nine years. He resides in Seattle, Washington, and possesses a Master of Business Administration from Pepperdine University. Movant is currently retired, but prior to that, he founded and successfully sold two companies, Record360, a technology company, and Seattle Seawolves, a professional sports team. Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business-related matters. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### B.  Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHANE SKINNER'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at *15 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel; *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 WL 1697147, at *4 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 WL 1550454, at *6 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301, at *3 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 WL 38155, at *4 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 WL 5439763, at *4 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

*{Signature on Following Page]*

Dated: January 9, 2023

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Shane Skinner and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHANE SKINNER'S MOTION FOR: (1)
APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL