**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. SCHOEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EIGER BIOPHARMACEUTICALS, INC., DAVID A. CORY, and SRIRAM RYALI,<br><br>Defendants. | Case No. 3:22-cv-06985-RS<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT JAMES TOMAIKO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: Richard Seeborg<br>Hearing: February 16, 2023<br>Time: 1:30 p.m.<br>Ctrm: 3 – 17th Floor (San Francisco) |

**PLEASE TAKE NOTICE** that on February 16, 2023 at 1:30 p.m. before the Honorable Richard Seeborg in the San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, movant James Tomaiko ("Movant") will, and does, move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of securities purchasers of Eiger Biopharmaceuticals,

1

NOT. OF MTN. AND MTN. OF JAMES TOMAIKO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-06985-RS

Inc. ("Eiger" or the "Company") between March 10, 2021 and October 4, 2022, both dates inclusive, as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

2

NOT. OF MTN. AND MTN. OF JAMES TOMAIKO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-06985-RS

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant James Tomaiko ("Movant"), respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Eiger between March 10, 2021 and October 4, 2022, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.   CLAIMS ASSERTED

This action was commenced on November 8, 2022 in the United States District Court for the Northern District of California against Eiger Biopharmaceuticals, Inc., David A. Cory, and Sriram Ryali (the "Defendants") for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising potential Class members of, *inter alia*, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Eiger is a commercial-stage biopharmaceutical company that focuses on the development and commercialization of targeted therapies for rare and ultra-rare diseases. Eiger's product candidates include, among others, peginterferon lambda. Peginterferon lambda is being evaluated for, *inter alia*, the treatment of COVID-19 in the TOGETHER study, which is an independent multi-center, investigator-sponsored, randomized, placebo-controlled adaptive platform Phase 3 study evaluating multiple therapeutics in newly diagnosed, high-risk, non-hospitalized patients with mild-to-moderate COVID-19. Peginterferon lambda was added to the TOGETHER study in May 2021.

3

NOT. OF MTN. AND MTN. OF JAMES TOMAIKO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-06985-RS

In March 2022, based on the results of the TOGETHER study, Eiger announced that it would submit an Emergency Use Authorization ("EUA") request to the U.S. Food and Drug Administration ("FDA") for peginterferon lambda for the treatment of patients with mild-to-moderate COVID-19 (the "peginterferon lambda EUA").

The complaint alleges that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants overstated Eiger's clinical and regulatory drug development expertise; (2) Defendants failed to properly assess, and/or ignored issues with, the design of the TOGETHER study and its ability to support the peginterferon lambda EUA; (3) there were issues with the conduct of the TOGETHER study and/or the TOGETHER study was not properly designed for the peginterferon lambda EUA in the current context of the pandemic; (4) as a result, the FDA was unlikely to approve the submission of a peginterferon lambda EUA; (5) as a result of all the foregoing, peginterferon lambda's regulatory and commercial prospects for the treatment of COVID-19 were overstated; and (6) as a result, the Company's public statements were materially false and misleading at all relevant times.

On September 6, 2022, Eiger issued a press release "provid[ing] an update on the status of its planned request for [EUA] of peginterferon lambda for the treatment of patients with mild-to-moderate COVID-19 based on its most recent communications with the FDA]." Specifically, the Company announced that "[f]ollowing a cooperative and extensive pre-EUA information exchange with [the] FDA regarding the Phase 3 TOGETHER study of peginterferon lambda for COVID-19, the agency has indicated that it is not yet able to determine whether the criteria for the submission of an application and issuance of an EUA are likely to be met." On this news, Eiger's stock price fell $2.51 per share, or 29.36%, to close at $6.04 per share on September 6, 2022.

Then, on October 5, 2022, Eiger announced that it would not seek an EUA request for peginterferon lambda after the FDA had "denied the request for a pre-EUA meeting." Specifically, the Company disclosed that, "[c]iting its concerns about the conduct of the TOGETHER study, [the] FDA concluded that any authorization request based on the[] data

[presented] is unlikely to meet the statutory criteria for issuance of an EUA in the current context of the pandemic." On this news, Eiger's stock price fell $0.37 per share, or 5.01%, to close at $7.02 per share on October 5, 2022.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the

5

NOT. OF MTN. AND MTN. OF JAMES TOMAIKO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL;
MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-06985-RS

Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. The *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest include four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $8,872.49 in connection with his purchases of Eiger securities during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in Eiger securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

> defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Eiger and its business. Movant, as did all of the members of the Class, purchased Eiger securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

7

NOT. OF MTN. AND MTN. OF JAMES TOMAIKO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-06985-RS

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant resides in Florida and is retired. Prior to retirement, Movant worked in the plumbing industry. Movant has been investing for 25 years. Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and the Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The Rosen Law Firm, P.A. has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## III.    CONCLUSION

8

NOT. OF MTN. AND MTN. OF JAMES TOMAIKO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-06985-RS

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (5) granting such other relief as the Court may deem to be just and proper.

Dated: January 9, 2023                         Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

**THE SCHALL LAW FIRM**

Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On January 9, 2023 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT JAMES TOMAIKO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on January 9, 2023.

/s/ Laurence M. Rosen
Laurence M. Rosen