POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant George Fareed and Proposed Lead Counsel for the Class*

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD A. SCHOEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EIGER BIOPHARMACEUTICALS, INC., DAVID A. CORY, and SRIRAM RYALI,<br><br>Defendants. | Case No.: 3:22-cv-06985-RS<br><br>NOTICE OF MOTION AND MOTION OF GEORGE FAREED FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  February 16, 2023<br>Time:  1:30 p.m.<br>Judge:  Hon. Richard Seeborg<br>Courtroom:  3 – 17th Floor |

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................ 1

STATEMENT OF ISSUES ........................................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

I.    PRELIMINARY STATEMENT ..................................................................................... 2

II.   STATEMENT OF FACTS ............................................................................................... 3

III.  ARGUMENT ..................................................................................................................... 5

     A.    FAREED SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 5

          1.    Fareed Is Willing to Serve as Class Representative .................................... 6

          2.    Fareed Has the Largest Financial Interest in the Action ............................. 7

          3.    Fareed Otherwise Satisfies Rule 23's Requirements .................................. 8

          4.    Fareed Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................................. 10

     B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................................................ 10

IV.  CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
  2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ........................................................ 8

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ..................................................................................................... 9

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..................................................................................... 8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ....................................................................................................... 7

*In re Comverse Tech., Inc. Sec. Litig.* No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ........................................................... 7

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................... 7

*In re SolarCity Corp. Sec. Litig.*, Nos. 16-CV-04686-LHK *et al.*,
  2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) .......................................................... 8

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ..................................................................................... 7

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................................. 7

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
  2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ........................................................... 7

*Osher v. Guess?, Inc*., CV 01-00871 LGB (RNBx),
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .................................................... 10, 11

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
  2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ......................................................... 8

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................................................... 9

**Statutes**

15 U.S.C. §78j(b) ............................................................................................................................ 7

15 U.S.C. § 78u-4 ........................................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

**Rules**

Fed. R. Civ. P. 23..........................................................................................................................*passim*

# NOTICE OF MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 16, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Richard Seeborg in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, George Fareed ("Fareed") will and hereby does move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1) appointing Fareed as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Eiger BioPharmaceuticals, Inc. ("Eiger" or the "Company") securities between March 10, 2021 and October 4, 2022, both dates inclusive (the "Class Period"); and (2) approving Fareed's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

This motion is made on the grounds that, to the best of his knowledge, Fareed is the "most adequate plaintiff" of the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Fareed's appointment as Lead Plaintiff. Specifically, Fareed believes that he has the "largest financial interest" in the relief sought by the Class in the above-captioned action (the "Action") by virtue of, *inter alia*, the number of Eiger shares that Fareed purchased during the Class Period and retained at the end of the Class Period, and the significant losses that Fareed incurred in connection with his transactions in Eiger securities as a result of the fraud alleged in this Action. Fareed also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of the claims of other putative Class members and because he will fairly and adequately represent the interests of the Class.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. Fareed's choice of counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously under Fareed's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

**STATEMENT OF ISSUES**

1. Whether Fareed is the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether to approve Fareed's selection of Lead Counsel, Pomerantz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PRELIMINARY STATEMENT**

The complaint in the Action (the "Complaint") (Dkt. No. 1) alleges that Defendants defrauded investors in violation of the Exchange Act. Eiger investors, including Fareed, incurred significant losses following the disclosures of the alleged fraud, which caused Eiger's share price to fall sharply, damaging Fareed and other Eiger investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Fareed, who purchased 3,150 Eiger shares during the Class Period, expended $23,543 on his purchases, retained 3,150 of his Eiger shares at the end of the Class Period, and incurred losses of approximately $7,713 in connection with his Class

Period purchases of Eiger securities, believes that he has the largest financial interest in the relief sought in this Action. *See* Pafiti Decl., Exhibit ("Ex.") A.

Beyond his significant financial interest, Fareed also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Fareed has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Fareed respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Lead Counsel.

## II.     STATEMENT OF FACTS

Eiger is a commercial-stage biopharmaceutical company that focuses on the development and commercialization of targeted therapies for rare and ultra-rare diseases. Complaint ¶ 2.

Eiger's product candidates include, among others, peginterferon lambda. *Id.* ¶ 3. Peginterferon lambda is being evaluated for, *inter alia*, the treatment of COVID-19 in the *TOGETHER* study, which is an independent multi-center, investigator-sponsored, randomized, placebo-controlled adaptive platform Phase 3 study evaluating multiple therapeutics in newly diagnosed, high-risk, non-hospitalized patients with mild-to-moderate COVID-19. *Id.* Peginterferon lambda was added to the *TOGETHER* study in May 2021. *Id.*

In March 2022, based on the results of the *TOGETHER* study, Eiger announced that it would submit an Emergency Use Authorization ("EUA") request to the U.S. Food and Drug Administration ("FDA") for peginterferon lambda for the treatment of patients with mild-to-moderate COVID-19 (the "peginterferon lambda EUA"). *Id.* ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id.* ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants overstated Eiger's clinical and regulatory drug development expertise; (ii) Defendants failed to properly assess, and/or ignored issues with, the design of the *TOGETHER* study and its ability to support the peginterferon lambda EUA; (iii) there were issues with the conduct of the *TOGETHER* study and/or the *TOGETHER* study was not properly designed for the peginterferon lambda EUA in the current context of the pandemic; (iv) as a result, the FDA was unlikely to approve the submission of a peginterferon lambda EUA; (v) as a result of all the foregoing, peginterferon lambda's regulatory and commercial prospects for the treatment of COVID-19 were overstated; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On September 6, 2022, Eiger issued a press release "provid[ing] an update on the status of its planned request for [EUA] of peginterferon lambda for the treatment of patients with mild-to-moderate COVID-19 based on its most recent communications with the [FDA]." *Id.* ¶ 6. Specifically, the Company announced that "[f]ollowing a cooperative and extensive pre-EUA information exchange with [the] FDA regarding the Phase 3 *TOGETHER* study of peginterferon lambda for COVID-19, the agency has indicated that it is not yet able to determine whether the criteria for the submission of an application and issuance of an EUA are likely to be met." *Id.*

4

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-06985-RS

On this news, Eiger's stock price fell $2.51 per share, or 29.36%, to close at $6.04 per share on September 6, 2022. *Id.* ¶ 7.

Then, on October 5, 2022, Eiger announced that it would not seek an EUA request for peginterferon lambda after the FDA had "denied the request for a pre-EUA meeting." *Id.* ¶ 8. Specifically, the Company disclosed that, "[c]iting its concerns about the conduct of the *TOGETHER* study, [the] FDA concluded that any authorization request based on the[] data [presented] is unlikely to meet the statutory criteria for issuance of an EUA in the current context of the pandemic." *Id.*

On this news, Eiger's stock price fell $0.37 per share, or 5.01%, to close at $7.02 per share on October 5, 2022. *Id.* ¶ 9.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* ¶ 10.

### III.   ARGUMENT

#### A.   FAREED SHOULD BE APPOINTED LEAD PLAINTIFF

Fareed should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by

class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Fareed satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Fareed Is Willing to Serve as Class Representative

On November 8, 2022, counsel for the plaintiff in the Action caused the statutorily required Notice of this Action to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed against Defendants, and which advised investors in Eiger securities that they had until January 9, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Fareed has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class

and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Fareed satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Fareed Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Fareed has the largest financial interest of any Eiger investor seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing financial interest. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-19; *Knox*, 135 F. Supp. 3d at 1163.

During the Class Period, Fareed: (1) purchased 3,150 shares of Eiger securities; (2) expended $23,543 on his purchases of Eiger securities; (3) retained 3,150 of his shares of Eiger securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

7
NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-06985-RS

$7,713 in connection with his purchases of Eiger securities. *See* Pafiti Decl., Ex. A. To the extent that Fareed possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     Fareed Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). Moreover, "[t]his showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, Nos. 16-CV-04686-LHK *et al.*, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-

06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Fareed's claims are typical of those of the Class. Fareed alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Eiger. Fareed, like other Class members, purchased Eiger securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Eiger's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Fareed has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. Further, there is no evidence of antagonism or conflict between Fareed's interests and the interests of the Class. The significant losses incurred by Fareed demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Indeed, Fareed has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.B., *infra*.

Fareed's and Pomerantz's willingness and ability to zealously litigate the claims in the Action on behalf of the Class cannot reasonably be questioned. In addition to Pomerantz, Fareed is also represented by the Portnoy Law Firm in this litigation.

Further demonstrating his adequacy, Fareed has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### 4. Fareed Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Fareed as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Fareed's ability and desire to fairly and adequately represent the Class has been discussed above. Fareed is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Fareed should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, CV 01-

00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15.

Here, Fareed has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Fareed's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Fareed's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Fareed respectfully requests that the Court issue an Order: (1) appointing Fareed as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: January 9, 2023                Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant George Fareed and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff Movant George Fareed*

PROOF OF SERVICE

I hereby certify that on January 9, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti