UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. SCHOEN,<br><br>    Plaintiff,<br><br>    v.<br><br>EIGER BIOPHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-06985-RS<br><br>**ORDER GRANTING SHANE SKINNER'S MOTION TO APPOINT LEAD PLAINTIFF** |

## I. INTRODUCTION

Three individuals—Shane Skinner, James Tomaiko, and George Fareed—filed cross-motions for appointment as lead plaintiff in this putative class action against Eiger Biopharmaceuticals, Inc. ("Eiger") and related Defendants. For the reasons that follow, Skinner and Levi & Korsinsky, LLP are appointed lead plaintiff and lead counsel, respectively.

## II. BACKGROUND

On November 8, 2022, Ronald A. Schoen filed a complaint on behalf of a purported class of similarly situated shareholders against Defendant Eiger, a biopharmaceutical company focusing on therapies for rare diseases; as well as individual Defendants David A. Cory, Eiger's President and Chief Executive Officer, and Sriram Ryali, Eiger's Chief Financial Officer (collectively "Defendants"). The Complaint alleges that between March 10, 2021 and October 4, 2022, Eiger made materially false and misleading statements regarding its business, operations, and compliance policies—specifically, as relating to its product peginterferon lambda, a candidate for treatment of COVID-19. Based on the results of a study (the "TOGETHER study"), Eiger

1   announced in March 2022 that it would submit an Emergency Use Authorization (EUA) to the

2   Food and Drug Administration for the use of peginterferon lambda in treating patients with mild to

3   moderate COVID-19. On September 6, 2022, however, Eiger issued a press release stating that the

4   FDA indicated it was not able to determine if the EUA criteria would be met; and on October 5,

5   2022, Eiger finally announced that it was no longer seeking an EUA request, and that the FDA had

6   voiced concerns about the conduct of the TOGETHER study. Eiger's stock price fell 29.6% and

7   5.01% on those two dates, respectively—a fall of $2.51 and $0.37 per share—finally closing at

8   $7.02 per share on October 5, 2022. On the basis of these events, the Complaint alleged that Eiger

9   was liable for violations of the Exchange Act.

10   On January 9, 2023, three putative class members each filed a motion seeking appointment

11  as lead plaintiff and of their attorneys as lead counsel: Shane Skinner (represented by Levi &

12  Korsinsky, LLP) (Dkt. 13); James Tomaiko (represented by The Rosen Law Firm, P.A.) (Dkt. 16);

13  and George Fareed (represented by Pomerantz LLP) (Dkt. 20). On January 23, 2023, Tomaiko and

14  Fareed both filed notices of Non-Opposition (Dkts. 23 & 24). As a result, all lead plaintiff

15  movants, except Shane Skinner, have filed non-oppositions to the competing motions for

16  appointment as lead plaintiff.

### III. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4 *et seq.*, governs the process by which a lead plaintiff is appointed. The PSLRA requires that "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members" be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(I). The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" that (i) has either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Ninth Circuit has articulated a three-step process for determining which plaintiff meets

these criteria. *See In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002). First, the court must determine whether the first plaintiff to file an action issued a notice publicizing the pendency of the action. *Id.* at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)). Second, the court must decide which plaintiff has the most to gain financially from the lawsuit, and whether that plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 730. The Rule 23 inquiry is primarily concerned with the "typicality" and "adequacy" factors of Rule 23(a). *Id.* Finally, the court must consider other class members' attempts to rebut the presumptive plaintiff's showing that it satisfies Rule 23. *Id*. As long as the plaintiff with the largest financial interest satisfies the typicality and adequacy requirements, and withstands any rebuttal attempt, it must be appointed lead plaintiff. *Id.* at 732.

With respect to lead counsel, "[a] court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to protect the interests of the class"; this determination involves "consider[ation] of the competency of class counsel as a part of the lead plaintiff's adequacy assessment." *Moradpour v. Velodyne Lidar*, *Inc.*, 2021 WL 2778533, at *2 (N.D. Cal. July 2, 2021).

## IV. DISCUSSION

Three movants—Skinner, Tomaiko, and Fareed—originally filed for appointment as lead plaintiff. However, movants Tomaiko and Fareed subsequently filed notices of non-opposition to the appointment of Skinner as lead plaintiff, each acknowledging that they do not appear to have the largest financial interest within the meaning of the PSLRA. Dkts. 23, 24. In so doing, it appears all movants have calculated financial interest based on the losses suffered. By that metric, movant Skinner suffered a loss of approximately $282,523.90. Dkt. 13 at 5; Dkt. 13-3 at 3, as compared with $8,872.49 for Tomaiko, Dkt. 16 at 6, and $7,713 for Fareed. Dkt. 20 at 6.

In addition to suffering the greatest financial loss, Skinner has also made a *prima facie* showing of typicality and adequacy. *See Hessefort v. Super Micro Computer*, *Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999) ("At this stage of the proceedings, nothing more than a preliminary showing [of adequacy

and typicality] is required."). Skinner's claims are typical of the class in that they allege that Defendants made false and misleading statements in connection with peginterferon lambda and the TOGETHER study in violation of the Exchange Act. Skinner also submitted a declaration attesting to his motivation to litigate the matter vigorously, given his "significant financial interest" in the matter, his understanding and willingness to "stay apprised of all material developments" and "act in the best interests of the Class" throughout the litigation, and his experience with both investing (29 years) and overseeing attorneys. Dkt. 13-5 at 2. At this stage, this showing is sufficient to find that Skinner will vigorously prosecute the action on behalf of the class, satisfying the "adequacy" requirement of Rule 23. Because Skinner has the greatest financial interest and preliminarily satisfies the two Rule 23 factors relevant at this stage, he is presumptively the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Furthermore, as no opposition has been raised, this presumption holds.

Generally, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Skinner selected Levi & Korsinsky, LLP to represent him, and the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel. *See* Dkt. 13 at 8-9; Dkt. 13-6.

### V. CONCLUSION

For the reasons discussed above, Shane Skinner is appointed as lead plaintiff, and his designated attorneys at Levi & Korsinsky, LLP are appointed as lead counsel. The competing motions by Tomaiko and Fareed are denied.

**IT IS SO ORDERED**.

Dated: February 3, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER APPOINTING SHANE SKINNER AS LEAD PLAINTIFF
CASE NO. 22-cv-06985-RS
4